UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

RONALD CHRISTIAN

      Plaintiff,

V.                                  CIVIL ACTION NO.

SHAN MOTORS, INC.
<u>Registered Agent</u>
Choudhry M. Shan
5 Suntop Court
Stuite T1
Baltimore, MD 21209

                                  JURY TRIAL

      Defendant.

## COMPLAINT

## FIRST COUNT:   VIOLATION OF THE TRUTH IN LENDING ACT

1. This is an action for damages for violation of The Truth in Lending Act, 15

U.S.C. § 1601 et seq., ("TILA") and for violation of the Maryland Consumer Protection

Act. § 13-105 et seq.

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640 and 28 U.S.C. §§

1331 and 1367.

3. Plaintiff is a resident of Baltimore, State of Maryland.

4. Defendant Shan Motors, Inc.  hereinafter (" Shan") is a Domestic Corporation

acting under the laws of the State of Maryland, with a place of business at 5650 Belair

Road, Baltimore, MD 21206.

5. At all times herein defendant in the ordinary course of business regularly extends consumer credit that is payable in more than four installments.

6. Defendant is a creditor within the meaning of C.G.S. § 36a-676, et seq. and 15 U.S.C. § 1601, et seq. and regulation promulgated hereunder.

7. On or about July 20, 2013, plaintiff entered into a consumer credit transaction with Shan for the purchase of a car for personal, family or household use to wit: a 2003 Mercedes-Benz, VIN # WDBUF70J33A345179 "The Vehicle or Vehicle") .

8. The purpose of the TILA is to provide meaningful disclosures of credit terms so that the consumer will be able to compare more readily the various terms available to them. 15 U.S.C. § 1601(a).

9. Meaningful disclosure means accurate and intelligible disclosures. *Bizler v. Globe Fin. Servs., Inc. 654 F.2d (1ST Cir. 1981)*.

10. Shan increased the advertised price of The Vehicle by approximately $2,000.00 for plaintiff, when it became aware that he had low credit. Shan raised the selling price of The Vehicle from $13,950 to $15,950 and told plaintiff it was because the bank was only giving them a certain amount and this is how it works when there are credit issues.

11. Shan disclosed on the Retail Installment Contract ("RIC") See Exhibit 2,that plaintiff made a $4,000.00 down payment. That disclosure was not accurate, in fact, plaintiff made a down payment of $3,500.00, see Exhibit 1, Receipt from Shan #338024

dated July 20, 2013.

12. Shan disclosed on Exhibit 1 that plaintiff owed a remaining balance on the down payment of $1,800.00, that statement was inaccurate.

13. Shan overcharged plaintiff approximately $120.00 in Maryland Sales Tax when it increased the advertised price of The Vehicle by approximately $2,000.00.

14. Shan overcharged plaintiff an additional $30.00 in Maryland Sales Tax when it wrote on the RIC that plaintiff's down payment was $4,000.00 instead of the correct down payment of $3,500.00.

15. Shan failed to provide Plaintiff with the required written disclosures in a form that he may keep before credit was extended as required by TILA.

16. When Shan increased the sales price of The Vehicle approximately $2,000.00 over the advertised price due to plaintiff's alleged credit history; and it then charged plaintiff additional MD sales tax on the $2,000.00 overprice and charged additional MD sales tax on the false down payment plus stated he owed defendant an additional $1,800.00 these violations increased the Annual Percentage Rate ("APR") and the finance charge all in violation of TILA.

17. Plaintiff gave notice to the assignee of the RIC that he was rejecting the arbitration clause and proof of mailing, Exhibit 3.

18. Plaintiff has suffered monetary loss result of defendant's actions.

**SECOUND COUNT: VIOLATION OF THE MARYLAND COMSUMER PROTECTION ACT.**
19. The allegations of Count one are repeated as if fully set forth herein.

20. Shan has committed one or more unfair or deceptive acts or practices in violation of the Md. Protection Act including but not limited to failing to disclose to plaintiff accurate financial terms of the transaction.

21. Shan's actions were fraudulent in that it knew that plaintiff's alleged poor credit history was not a legal reason to raise the advertised price for The Vehicle by $2000.00 plus MD sales tax.

22. Shan's representation was made to induce plaintiff to sign the RIC.

23. Plaintiff relied on the false representations made by Shan for the additional increase in the sales price of The Vehicle and sales tax based on their alledged poor credit.

24. Shan committed a deceptive act when it prepared Plaintiff's Exhibit #1 the down payment receipt, when it stated plaintiff owed Shan an additional $1,800.00.

25. As a result of Shan's actions, plaintiff has suffered monetary damage and emotional distress.

WHEREFORE, it is respectfully prayed that this Court:

1. Award plaintiff statutory damages of $2,000.00, actual damages, compensatory damages, costs and a reasonable attorney fee on Count I.

2. Award plaintiff statutory damages, actual damages and punitive damages and costs and reasonable attorney fees on Count II.

3. Award such other or further relief, as the Court deems just or equitable.

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
163 Mitchells Chance Road, #244
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 440-6372
Fed. Bar # Md26843
bernardtkennedy@yahoo.com